**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAWN WILLIAMS, | Civil Action No. 11-6783 (NLH) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| J.T. SHARTLE, et al., | |
| Respondents. | |

Petitioner filed a petition ("Petition") seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging a determination made by the Bureau of Prisons, see Docket Entry No. 1, and submitted his filing fee, see Docket Entry dated July 10, 2012, and it appearing that:

1. The Petition suggests that Petitioner, now a federal prisoner, served a prior state sentence imposed by the Commonwealth of Pennsylvania. See Docket Entry No. 1, at 1-2. The Petition also suggests that, during the seventeen months of state confinement, Petitioner's federal charges underlying his federal conviction and instant incarceration were in the pre-trial stage. See id. at 2. Finally, the Petition includes Petitioner's assertion or opinion that the federal sentencing judge who imposed Petitioner's current federal sentence did so with the unstated intention that the Bureau of Prisons might designate, nunc pro tunc, Petitioner's state sentence of seventeen months as part of Petitioner's federal sentence. See id. at 3 (relying on

Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Petitioner also appears to claim that the Bureau of Prisons unduly denied him "jail time credit." See id. at 1-4.

2. Attachments provided by Petitioner indicate that he submitted an application for "jail time credits" to his warden, who appears to have construed it as a claim for credit for the time Petitioner spent in federal custody, after the issuance of a writ to the Commonwealth of habeas corpus ad prosequendum - an application which was denied. See id. at 11-12. Essentially the same response was received by Petitioner when he raised the same "jail time credits" challenge to the Bureau of Prisons Regional Office. See id. at 13-14. The attachments provided by Petitioner also suggest that he sought review of the "jail time credits" claim from the Central Office, although no response from the Central Office is included in the application at bar. See id. at 15.

3. Two aspects of the Petition, as drafted, prevent this Court from addressing it on merits at the present time:

   a. First, even if this Court were to presume that the Central Office failed to respond to Petitioner and, thus, Petitioner's administrative exhaustion efforts were completed on the date when such response was due, Petitioner appears to be asserting two separate legal

2

claims, one exhausted and one not. That is, it does not appear that Petitioner's nunc pro tunc claims based on Barden v. Keohane were administratively exhausted. Rather, the only claim addressed by the Bureau of Prisons was whether Petitioner was in federal custody and therefore entitled to federal credit when custody was transferred temporarily pursuant to a writ habeas corpus ad prosequendum.

    b. Additionally, the Court is unclear as to how Petitioner's Barden position relates to Petitioner's challenge asserting that his federal judge implicitly sentenced him with a retroactive concurrence in mind but without expressly directing such retroactivity.

4. Accordingly, and to remove any uncertainty as to the nature of Petitioner's claims, the Court directs Petitioner to clarify: (a) the exact nature of Petitioner's instant claims; and (b) whether the particular claims Petitioner is raising in the instant matter were duly exhausted administratively at all three levels of the Bureau of Prisons.[1]

---

[1] Since this Court, after carefully studying the application at bar, found itself unable to either discern the exact nature of Petitioner's instant challenges or to find any correlation between the claims Petitioner exhausted administratively and those raised in his Petition, the Court will not order a responsive pleading at this time.

IT IS, therefore, on this ___9th___ day of _May_, 2013,

ORDERED that the Clerk shall reopen this matter in light of Petitioner's submission of his filing fee by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that the Petition, Docket Entry No. 1, is dismissed. Such dismissal is without prejudice to Petitioner's filing his amended pleading detailing the exact nature of Petitioner's challenges and, in addition, Petitioner's proper administrative exhaustion of his claims; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a final disposition on merits, and this Court does not withdraw its jurisdiction over this matter; and it is further

ORDERED that, within forty five days from the date of entry of this Memorandum Opinion and Order, Petitioner may file with the Clerk his amended pleading stating the exact nature of Petitioner's instant challenges and, in addition, detailing Petitioner's proper administrative exhaustion of his claims raised in the amended pleading; and it is finally

ORDERED that the Clerk shall serve this Memorandum and Order

4

upon Petitioner by regular U.S. mail.

                                          s/ Noel L. Hillman
                                          NOEL L. HILLMAN,
                                          United States District Judge

At Camden, New Jersey